IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER LEE COMPTON, JR., ) | |
|     Petitioner, ) | |
| ) | Case No. 7:22-cv-00271 |
| v. ) | |
| ) | By:    Michael F. Urbanski |
| HAROLD CLARKE, ) | Chief United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner Roger Lee Compton Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is due additional time credits for pretrial confinement and that the state court imposed an improper sentence under the state guidelines. Respondent Harold Clarke, Director of the Virginia Department of Corrections, has filed a motion to dismiss, ECF No. 8, and petitioner filed an opposition, ECF No. 11. For the reasons explained herein, the court **GRANTS** respondent's motion to dismiss and dismisses the habeas petition.

**I. Factual Background**

Compton is an inmate within the Virginia Department of Corrections (VDOC) and is currently housed at Haynesville Correctional Center. In October 2014, petitioner was sentenced to four years' incarceration with two years and six months suspended by the Danville Circuit Court. In March 2018, petitioner violated his probation for failure to report and was charged with possession of a firearm by a convicted felon, burglary, and grand larceny. The trial court revoked and resuspended his two years and six months' suspended sentence. In December 2018, petitioner's probation officer reported another major violation,

and in February 2020, the trial court revoked and resuspended all but thirty days of his suspended sentence. In October 2020, petitioner violated his probation again, and in July 2021, the court revoked the remaining two years and five months of petitioner's previously suspended sentence.

Compton appealed the sentence to the Virginia Court of Appeals, arguing that the trial court improperly departed from the Virginia state sentencing guidelines when it revoked the entirety of his remaining suspended sentence and that he had not been given credit for time he had already spent incarcerated for his probation violations. Compton v. Commonwealth, No. 0798-21-3, 2022 WL 1220068, at *2–*3 (Va. Ct. App. April 26, 2022). The Court of Appeals affirmed the sentence. Id. at *4. He did not file an appeal to the Virginia Supreme Court. On May 23, 2022, pursuant to 28 U.S.C. § 2254, Compton filed a federal petition for writ of habeas corpus on two grounds: (1) that he was not awarded 109 days of jail time credit he was due for his pretrial confinement, and (2) that his sentence exceeded the recommended state sentencing guidelines.

## II. Legal Standard

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal district court reviewing a § 2254 petition is limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state grounds. The procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity

to address and correct alleged violations of a state prisoner's federal rights. Coleman v. Thompson, 501 U.S. 722, 730–31 (1991).

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. Duncan v. Henry, 513 U.S. 364, 365–66 (1995); Kasi v. Angelone, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman, 501 U.S. at 732.

A separate but closely related issue is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that provides an independent and adequate ground for the state court's decision, that claim is also procedurally defaulted for purposes of federal habeas review. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263–64 (4th Cir. 1998). If a claim that has not been presented to the highest state court on the merits and would be procedurally barred as untimely or successive if the petitioner tried to present the issue to the state court now, courts consider it simultaneously exhausted and defaulted. Coleman, 501 U.S. at 731–32.

Before a federal habeas court will consider a procedurally defaulted claim, the petitioner must show both cause for the default and actual prejudice from the claimed federal violation. Id. at 750. Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the prisoner. Id. at 756–57. To show prejudice to overcome procedural default, a petitioner must show that the claimed violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

### III. Pretrial Confinement Jail Credit

Compton alleges that he is due 109 days of jail credit for time served from February 21, 2018, to April 9, 2018; June 7, 2018, to June 20, 2018; and September 11, 2019, to October 28, 2019. Respondent argues that Compton's petition as to this matter must be dismissed because Compton did not exhaust his state court remedies. The court agrees that Compton's claim regarding jail credit is not properly exhausted. Although his petition states that his appeal before the Virginia Court of Appeals is still pending, ECF No. 1, at 5, the court's docket reflects that his sentence was affirmed on April 26, 2022. Va. Ct. App. Docket, CAV Record # 0798-21-3. See Compton v. Commonwealth, No. 0798-21-3, 2022 WL 1220068 (Va. Ct. App. Apr. 26, 2022) ("Finally, we note that the record does not support appellant's claim that he was sentenced to time he has already served."). To properly exhaust his state remedies, he would have needed to appeal that decision to the Supreme Court of Virginia, the state's highest court, within thirty days pursuant to that court's rules. Va. R. Sup. Ct. 5:14. Because the thirty-day deadline has expired, petitioner has defaulted on this claim. Accordingly, his claims are deemed simultaneously exhausted and defaulted. This

court can consider his claim only if he can show cause for his failure to exhaust the claims and actual prejudice, which he has not done.

## IV. Sentencing Over Guidelines Recommendation

Compton next alleges that he was improperly sentenced outside of the state sentencing guideline recommendations. Respondent argues that this claim was not properly exhausted and is not subject to federal review. The court agrees. First, as discussed above, because Compton did not appeal the Virginia Court of Appeals' decision to the Supreme Court of Virginia and the time to do so has elapsed, his claim is considered simultaneously exhausted and defaulted, and petitioner has not shown the necessary cause or prejudice regarding the defaulted claim that permits federal review. Second, whether Compton's sentence exceeds the state guidelines is not a claim arising under federal law. Virginia state sentencing guidelines are a question of state law: suspension of a defendant's sentence is governed by Va. Code § 19.2-303, and the revocation of a suspended sentence and probation is governed by Va. Code § 19.2-306. Furthermore, any departure the state trial court may have taken from the state sentencing guideline recommendations is governed by Va. Code § 19.2-298.01, which discusses the use of discretionary sentencing guidelines and specifically states in subsection F that "the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." As an issue solely of state law, Compton's petition can only be heard by this court if he can bring an independent allegation of a federal or constitutional law violation. Because Compton made no such allegation, and no facts alleged give rise to such a

violation, Compton's contention that he was improperly sentenced will be denied with prejudice.

### VI. Conclusion

When issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. Gonzales v. Thaler, 565 U.S. 134, 140–41 (2012). Compton has not made such showings in this case.

Because Compton's claims are procedurally defaulted and involve questions not subject to federal review, the court will grant respondent's motion to dismiss, dismiss the petition for a writ of habeas corpus, and deny a certificate of appealability. An appropriate order will be issued to reflect the ruling.

It is so **ORDERED**.

Entered: March 15, 2023

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2023.03.15 13:41:58 -04'00'

Michael F. Urbanski
Chief United States District Judge